IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| LINDA LOPEZ, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | CIVIL ACTION NO. _____ |
| § | |
| TEXAS CHRISTIAN UNIVERSITY, § | |
| § | |
| Defendant. § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW, the Plaintiff, Linda Lopez, and files her Original Complaint complaining of Defendant, Texas Christian University, and for cause of action would respectfully show the Court as follows:

### I.

### JURISDICTION

1. Because Plaintiff's claims present a federal question, there is federal court jurisdiction pursuant to 28 U.S.C. § 1331 and pendent claim jurisdiction for her state law claims pursuant to 28 U.S.C. § 1367.

### II.

### VENUE

2. Pursuant to 28 U.S.C. § 1391, venue is proper in the Northern District of Texas because all or a substantial portion of the acts or omission giving rise to Plaintiff's claims occurred in Tarrant County, Texas.

### III.

### PARTIES

3. Plaintiff Linda Lopez (hereinafter referred to as "Lopez") is an individual who is a citizen of the State of Texas.

4. Defendant Texas Christian University (hereinafter referred to as "Defendant TCU") is a private university, and doing businesses in Texas, and may be served with process by serving its registered agent, Victor J. Boschini, Jr., 2800 South University Drive, Fort Worth, Texas 76129.

### IV.

### FACTS

5. This is a case of institutional racism. Defendant TCU is an institution of higher learning. Since Defendant TCU's founding by 2 slave owners, Defendant TCU has been permeated with an ethic of white elitism that has long discouraged the equal participation of Blacks, Hispanics, Asians and other racial minorities in university life at all levels including academically and in employment.

6. Lopez is a Hispanic/Mexican-American. For over 13 years, Lopez was a hard working employee of Defendant TCU in the University Advancement Department in Regional Development who received excellent reviews. One of her supervisors described her in an evaluation as a "rock star."

7. Mike Edwards (hereinafter referred to as "Edwards") was the Assistant Vice Chancellor for Regional Development, in which role he came to supervise Lopez. Edwards is white. Edwards had a history of discriminating against racial minorities in favor of whites. On one occasion, Edwards hired a white friend with little experience over an exceptional Black candidate for a development position because "he would not fit with our donors." Edwards was hostile to other

Hispanic employees to the point at which they left for other jobs. Another employee in the department concluded that Edwards harbored racist attitudes against Hispanics including Lopez. Edwards had a history of going after employees who brought forward issues about his management practices.

8. When Lopez took FMLA in January 2020, for meningitis combined with her other health issues (which constituted a disability), Edwards became upset with her when he was instructed by FMLA specialist Martha Gonzalez to stop communicating with Lopez during her FMLA.

9. Upon her return from FMLA, Lopez began to experience hostility.

10. In March 2020, Edwards gave Lopez an unwarranted bad review upon her return from FMLA. Among other unwarranted criticisms, the review chastised Lopez for taking time for bereavement leave to comfort her children whose father died.

11. Lopez's work performance began to be scrutinized unlike her white counterparts.

12. As a result of the entrenched institutional racism at TCU, TCU has a longstanding practice of ignoring or covering up discrimination in the face of complaints by minority employees and students.

13. Around April 2020, Lopez complained to Defendant TCU that Edwards was discriminating against her because of her race (Hispanic) and for complaining about disability discrimination. No action was taken regarding Lopez' complaint while Lopez was employed by Defendant TCU.

14. Despite the challenges presented by the COVID pandemic and working remote, Lopez went above and beyond in 2020 to get the job done and serve her development directors so they could continue raising donations for TCU.

15. In late 2020 and early 2021, Chancellor Vincent Bochini indicated Defendant TCU would not be cutting staff. Lopez was also told there would be no budget cuts in her department.

16. In January 2021, Edwards issued Lopez another unwarranted, inaccurate, negative performance evaluation. However, the comments of those she directly served were not included in her performance review.

17. Around February 10, 2021, Lopez complained to HR Representative Kristen Taylor that she was being discriminated against by Edwards because of her race.

18. The next day on February 11, 2021, Defendant TCU informed Lopez that her position was eliminated due to budget cuts and she was being laid off.

19. However, other white counterparts with less experience and seniority were retained in similar positions while Lopez was let go.

20. Lopez's job duties were given to a white employee Lynn Berry, who had less experience and tenure.

21. After Lopez left, coworkers told Lopez that Edwards told them Lopez was let go because she was a bad employee, contrary to the reason given to Lopez at the end of her employment.

22. Chancellor Bochini stated in April of 2021 TCU 360: "Bochini was adamant that no jobs had been lost and there were no layoffs. He said he checked about 2 hours before the meeting and confirmed 'everyone who got a paycheck in August [2020] is getting a paycheck today.'" Either Bochini was mistaken because Edwards hid from Bochini the fact that Lopez was "laid off" or Bochini was trying to cover up the layoff of Lopez because of the suspicious circumstances.

23. While laid off employees are normally eligible for rehire under TCU policy, Defendant TCU declared Lopez was ineligible for rehire.

24. Defendant TCU never implemented any progressive discipline as provided by TCU policy such as a documented oral warning, written warning, or probation prior to terminating Lopez.

## V.

## CAUSES OF ACTION

25. Defendant TCU terminated, and otherwise discriminated against Lopez by interfering with her job performance and the terms and conditions of her employment because of her race, Hispanic/Mexican-American, in violation of in violation of 42 U.S.C. § 1981.

26. Defendant TCU terminated Lopez because of her race, national origin and disability in violation of § 21.051 of the Texas Labor Code.

27. Defendant TCU terminated Lopez for complaining about and opposing illegal discrimination in violation of 42 U.S.C. § 1981.

28. Defendant TCU terminated Lopez for complaining about and opposing illegal discrimination in violation of section 21.055 of the Texas Labor Code.

29. Alternatively, Lopez seeks declaratory relief because race and national origin was a motivating factor and thus, race and national origin was at least a mixed motive in the termination. Lopez seeks declaratory relief and attorney fees pursuant to section 21.125 of the Texas Labor Code.

30. Defendant TCU terminated and otherwise discriminated against Lopez in violation of the Family Medical Leave Act, 29 U.S.C. § 2615(a)(a); 29 U.S.C. § 2615(b).

31. Defendant TCU interfered with, restrained, and/or denied the exercise of the attempt to exercise FMLA rights. 29 U.S.C. § 2615(a)(1).

32. Defendant TCU at all relevant times acted through their agents and employees.

33. Lopez filed a charge of discrimination and timely filed suit within 60 days of receiving a right to sue letter from the Texas Workforce Commission-Civil Rights Division.

## VI.

## DAMAGES

34. As a result of Defendant TCU's actions, Lopez has suffered in the past, and in all reasonable likelihood, will suffer in the future, damages including, lost wages, back pay, front pay, lost earning capacity, mental anguish, emotional pain and suffering, lost employment benefits, inconvenience, loss of enjoyment of life, damage to professional reputation, and other damages. Defendant TCU's actions deprived Lopez and her son of tuition benefits for employee's children provided by Defendant TCU.

35. Moreover, Defendant TCU engaged its actions with malice, therefore, Lopez is entitled to punitive damages.

36. Lopez also seeks reinstatement to a comparable position if feasible.

37. Lopez seeks attorney fees, expert witness fees and other costs pursuant to 42 U.S.C. § 1988(b).

38. Lopez seeks attorney fees, expert witness fees and other costs pursuant to section 21.258 of the Texas Labor Code.

39. Lopez seeks attorney fees, expert witness fees and other costs pursuant to section 29 U.S.C. § 2617.

## VII.

40. Lopez seeks a temporary and permanent injunction ordering Lopez reinstating Lopez to her previous position with commensurate benefits as if she had never been terminated.

## VIII.

## JURY DEMAND

41. Lopez requests a trial by jury.

## IX.

## PRAYER

WHEREFORE, Lopez prays that the Defendant TCU be duly cited to appear and answer herein, that upon a final trial of this cause, Lopez recover:

1. Judgment against Defendant TCU, for Lopez's damages as set forth above;

2. Reinstatement to a comparable position;

3. A temporary and permanent injunction reinstating her to her position with TCU;

4. A declaration by the Court that "Defendant TCU unlawfully discriminated against Plaintiff Lopez because of her race, national origin and disability in violation of 42 U.S.C. § 1981 and/or § 21.051 of the Texas Labor Code;

5. Interest on said judgment at the legal rate from date of judgment;

6. Prejudgment interest as allowed by law;

7. Costs of Court; and

8. Such other and further relief to which Lopez may be entitled.

Respectfully submitted,

/s/ JASON C.N. SMITH
JASON C.N. SMITH
State Bar No.   00784999

LAW OFFICES OF JASON SMITH
612 Eighth Avenue
Fort Worth, Texas 76104
Telecopier: (817) 334-0880
Telephone: (817) 334-0898
E-mail: jasons@letsgotocourt.com
Service Email: courtfiling@letsgotocourt.com
ATTORNEYS FOR PLAINTIFF