UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| LINDA LOPEZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:22-cv-00171-O |
| | § | |
| TEXAS CHRISTIAN UNIVERSITY, | § | |
| | § | |
| Defendant. | § | |

## ORDER

Before the Court is Defendant's Unopposed Motion for Protective Order (ECF No. 16), filed June 16, 2022. Defendant moves for a protective order "to prevent inappropriate use or disclosure of confidential or sensitive materials." Mot. 1, ECF No. 16. This Court routinely declines to use Federal Rule of Civil Procedure 26(c) to convert an agreement of the parties into a court order. This practice does not leave the parties without recourse. First, the parties may agree to any confidentiality or discovery-related contract among themselves without devoting judicial resources to the matter. *See Davis v. City of Fort Worth*, No. 4:14-cv-491-A, 2014 WL 12940678, at *3 (N.D. Tex. July 3, 2014).

Second, a party may move for leave to file a specific document under seal with a memorandum outlining the good cause for the document to be sealed from public. The motion must be supported by legal authorities and relevant facts verified by oath or declaration of a person with personal knowledge. *See United States v. Holy Land Found. for Relief & Dev.*, 624 F.3d 685, 690 (5th Cir. 2010) ("Public confidence in our judicial system cannot long be maintained where important judicial decisions are made behind closed doors and then announced in conclusive terms to the public, with the record supporting the court's decision sealed from public view." (cleaned up)); *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 420–21 (5th Cir. Mar. 5, 2021) ("[W]hen

materials enter the court record, the standard for shielding records from public view is far more arduous."). The Court thus **DENIES** the Motion.

      **SO ORDERED** this **17th day** of **June, 2022**.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**

2