UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| LINDA LOPEZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:22-cv-00171-O |
| | § | |
| TEXAS CHRISTIAN UNIVERSITY, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION & ORDER

Before the Court are Defendant's Motion to Dismiss for Failure to State a Claim (ECF No. 7), filed March 29, 2022; Plaintiff's Response (ECF No. 12), filed April 22; and Defendant's Reply (ECF No. 15), filed May 5. Having considered the motion, briefing, and applicable law, the Court **GRANTS in part** and **DENIES in part** the motion to dismiss.

I. **BACKGROUND**

Defendant Texas Christian University ("TCU") is a private university doing business in Texas.[1] Plaintiff Linda Lopez is a Hispanic/Mexican American who was employed by TCU for about thirteen years as an administrative assistant in the university advancement department. In January 2020, Lopez took leave under the Family Medical Leave Act ("FMLA") because of health complications related to "meningitis combined with her other health issues."[2] Lopez's supervisor, Mike Edwards, became upset with Lopez when TCU instructed him to halt communications with Lopez during her FMLA leave. In March, after her return from FMLA leave, Lopez received a negative performance review from Edwards.

---

[1] Compl. 2, ECF No. 1.
[2] *Id.* at 3.

Lopez began to feel her work was scrutinized to a greater degree than her white colleagues, and in April, she complained to TCU that Edwards was discriminating against her based on her race and her disability. Lopez was not informed of any action TCU took because of her complaint. In January 2021, Edwards issued Lopez another negative performance review. In February, Lopez complained to human resources representative Kristen Taylor that Edwards was racially discriminating against her.[3] The next day, Edwards informed Lopez that her position was terminated due to budget cuts.

After her termination, coworkers informed Lopez that Edwards had told them Lopez was terminated because of her poor performance rather than because of budget cuts. Meanwhile, in April 2021, TCU Chancellor Victor Boschini, stated that "no jobs had been lost" and "everyone who got a paycheck in August [2020] is getting a paycheck today."[4]

On March 8, 2022, Lopez sued TCU for FMLA interference and retaliation, race and disability discrimination, and retaliation for complaining of discrimination.[5] She requests injunctive and monetary relief.[6] On March 29, TCU filed a motion to dismiss for failure to state a claim.[7] The parties briefed the issues, and the motion is ripe for review.

## II.  LEGAL STANDARDS

Rule 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v.*

---

[3] *Id.* at 4.
[4] *Id.* (alteration in original).
[5] *Id.* at 6.
[6] *Id.*
[7] *See* Def.'s Mot. To Dismiss, ECF No. 7.

*Twombly*, 550 U.S. 544, 555 (2007)). If a plaintiff fails to satisfy Rule 8(a), the defendant may file a motion to dismiss under Rule 12(b)(6) for "failure to state a claim upon which relief can be granted."

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

In reviewing a Rule 12(b)(6) motion, a court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins.*, 509 F.3d 673, 675 (5th Cir. 2007). A court may not accept legal conclusions as true, and only a complaint that states a plausible claim for relief will survive a motion to dismiss. *Iqbal*, 556 U.S. at 678–79. When well-pleaded factual allegations are present, a court assumes their veracity and then determines whether they plausibly give rise to an entitlement to relief. *Id.*

### III. ANALYSIS

Lopez fails to state a claim for FMLA interference, but her remaining causes of action survive TCU's motion to dismiss. Lopez alleges TCU violated the FMLA by interfering with, restraining, and denying Lopez her FMLA rights.[8] To establish a prima facie case of FMLA

---

[8] Compl. 5, ECF No. 1.

interference, Lopez must show: (1) she was an eligible employee; (2) her employer was subject to FMLA requirements; (3) she was entitled to leave; (4) she gave proper notice of her intention to take FMLA leave; and (5) her employer denied her the benefits to which she was entitled under the FMLA. *Hester v. Bell-Textron, Inc.*, 11 F.4th 301, 306 (5th Cir. 2021).

TCU contests element five, arguing that Lopez has not pled that TCU denied or discouraged FMLA leave.[9] In her complaint, Lopez alleges that Edwards "became upset" with her when an FMLA specialist instructed Edwards to "stop communicating" with Lopez during her FMLA leave.[10] Lopez clarifies in her response that Edwards was communicating with Lopez "about work" during her FMLA leave.[11] Lopez argues that because her supervisor contacted her during her FMLA leave, the Court should infer that their discussions amount to coercion, and thus impermissible interference.[12] *See Lindsey v. Bio-Med. Applications of La., L.L.C.*, 9 F.4th 317 (5th Cir. 2021). TCU responds that because Lopez received the leave she requested and returned to the job she left, she does not have grounds for an interference claim.[13] *See Lister v. Nat'l Oilwell Varco, L.P.*, No. 11-01-0108, 2013 WL 5515196, at *29 (S.D. Tex. Sept. 30, 2013). TCU further argues that because Lopez has not pled that she was coerced to work while on leave, pressured to return early, or discouraged from taking additional leave, Lopez's pleadings do not survive TCU's motion to dismiss.[14]

"To establish a claim for FMLA interference, an employee must show that the defendant 'interfered with, restrained, or denied her exercise or attempt to exercise FMLA rights, and that the violation prejudiced her.'" *D'Onofrio v. Vacation Publ'ns, Inc.*, 888 F.3d 197 (5th Cir. 2018)

---

[9] Def.'s Mot. to Dismiss 7, ECF No. 7.
[10] Compl. 3, ECF No. 1.
[11] Pl.'s Resp. 15, ECF No. 12.
[12] *Id.*
[13] Def.'s Mot. to Dismiss 8, ECF No. 7.
[14] *Id.* at 9.

(quoting *Bryant v. Tex. Dep't of Aging & Disability Servs.*, 781 F.3d 764 (5th Cir. 2015)). But the FMLA does not prohibit an employer from all contact with an employee. *Smith-Schrenk v. Genon Energy Servs., L.L.C.*, No. 13-2902, 2015 WL 150727, at *9 (S.D. Tex. Jan. 12, 2015). De minimis contact between an employer and employee on FMLA leave does not amount to interference. *Ray v. Compass Bank*, No. 3:06-cv-1153, 2007 WL 9711686, at *5 (N.D. Tex. May 24, 2007). And an employer may extend the option to work to an employee on FMLA leave, "so long as working while on leave is not a condition of continued employment." *D'Onofrio,* 888 F.3d at 210.

In her response, Lopez asserts that Edwards "was communicating with Lopez about work issues" during her FMLA leave, and that it is reasonable to infer that those communications amount to coercion.[15] But Lopez has pled no facts suggesting how the communications prejudiced her. *See id.* at 209; *Hester*, 11 F.4th at 306. Lopez's request for FMLA leave was granted, and she returned to the same position she left.[16] "The Fifth Circuit has held that when a plaintiff receives the leave he requests and returns to the job he left, he has no interference claim as a matter of law." *Lister*, 2013 WL 5515196, at *29 (citing *De La Garza-Crooks v. AT&T*, 252 F.3d 436 (5th Cir. 2001)). Lopez alleges only that Edwards spoke with her about work while on leave. That allegation is insufficient to support an inference that TCU interfered with Lopez's FMLA rights. Lopez received the leave she requested and returned to the job she left. The Court thus **GRANTS** TCU's motion to dismiss Lopez's FMLA interference claim.

## IV. CONCLUSION

Lopez has pled insufficient facts to survive TCU's motion to dismiss her FMLA interference claim. Lopez states claims on her remaining causes of action. Accordingly, the Court

---

[15] Pl.'s Resp. 15, ECF No. 12.
[16] Pl. Compl. 3, ECF No. 1.

**GRANTS in part** and **DENIES in part** TCU's motion to dismiss (ECF No. 7), and **DISMISSES** Lopez's claim for interference under 29 U.S.C. § 2615(a)(1).

    **SO ORDERED** on this **10th day** of **August, 2022**.

*[Signature: Reed O'Connor]*
Reed O'Connor
UNITED STATES DISTRICT JUDGE